**UNITED STATES of America,
Appellee,**

v.

**Louis MUSTACHIO, Daniel Ruggiero,
Defendants–Appellants.**

**No. 07–4159–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 9, 2007.

Christopher J. Cassar, P.C., Huntington,
N.Y., for Appellant, Louis Mustachio.

Harry H. Kutner, Jr., Mineola, N.Y., for
Appellant, Daniel Ruggiero.

John G. Martin, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present ROGER J. MINER, REENA RAGGI, Circuit Judges, JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

 Defendants Louis Mustachio and Daniel Ruggiero appeal from orders of detention entered pursuant to 18 U.S.C. § 3148(b) on September 19, 2007. We review a district court's bail determination for clear error, *see United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir.2007); *accord United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir.2000), and identify none in this case. Despite defendants' protestations of innocence, record evidence supports the district court's probable cause finding that Mustachio and Ruggiero committed crimes while on release, specifically mail fraud and obstruction of justice. Such conduct triggered a statutory presumption that no condition or combination of conditions could reasonably assure the safety of other persons in the community. *See* 18 U.S.C. § 3148(b). Because the government apparently concedes that defendants are unlikely to flee the court's jurisdiction, on this appeal defendants fault the district court only for its failure to make a specific finding that they posed such a safety risk. In the absence of evidence rebutting the statutory presumption, however, they cannot demonstrate harm. *See United States v. Jessup*, 757 F.2d 378, 381–84 (1st Cir.1985) (holding that § 3148(b) presumption places a burden on defendant to produce some evidence contrary to the presumed fact) (cited with approval in *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985)); *cf. United States v. Martir*, 782 F.2d 1141, 1147 (2d Cir.1986) ("Martir's failure to question the reliability of the government's proffer [at a detention hearing] ... tends to justify the acceptance of the proffer as accurate."). Further where, as in this case, the post-release criminal conduct not only posed a risk to victims' financial security but involved obstruction of justice through intended destruction of evidence and deceit on the court, defendants can hardly claim that conclusory denials of any intent to jeopardize the safety of others sufficed to refute the presumption in favor of detention. *See United States v. LaFontaine*, 210 F.3d at 134 (observing that pretrial detention may be "even more justified in cases of violations related to the trial process," *i.e.*, incidents where defendant has attempted to obstruct justice while on release, "than in cases where the defendant's past criminality was said to support a finding of general dangerousness").

Accordingly, the order revoking release on bail pending trial is AFFIRMED.

---

1. The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.